**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------X

| | |
|---|---|
| JEFFREY HARRIS, Derivatively On Behalf of CITIGROUP, INC., | : Case No. 07-cv-9841 (SHS) |
| Plaintiff, | : |
| vs. | : |
| CHARLES PRINCE, ET AL., | : |
| Defendants, | : |
| -and- | : |
| CITIGROUP, INC., a Delaware corporation, | : |
| Nominal Defendant. | : |

| | |
|---|---|
| GARY CINOTTO, Derivatively On Behalf of CITIGROUP, INC., | : Case No. 07-cv-9900 (SHS) |
| Plaintiff, | : |
| vs. | : |
| CHARLES PRINCE, ET AL., | : |
| Defendants, | : |
| -and- | : |
| CITIGROUP, INC., a Delaware corporation, | : |
| Nominal Defendant. | : |

| | |
|---|---|
| BENJAMIN NATHANSON, Derivatively On Behalf of CITIGROUP, INC., | : Case No. 07-cv-10333 (SHS) |
| Plaintiff, | : |
| vs. | : |
| CHARLES PRINCE, ET AL., | : |
| Defendants, | : |
| -and- | : |
| CITIGROUP, INC., a Delaware corporation, | : |
| Nominal Defendant. | : |

| | |
|---|---|
| SAM COHEN, Derivatively On Behalf of CITIGROUP, INC., | : Case No. 07-cv-10344 (SHS) |
| Plaintiff, | : |
| vs. | : |
| CITIGROUP, INC., ET AL., | : |
| Defendants. | : |
| WALTER E. RYAN, JR., derivatively on behalf of CITIGROUP, INC., | : Case No. 07-cv-11581 (UA) |
| Plaintiff, | : |
| vs. | : |
| CHARLES PRINCE, ET AL., | : |
| Defendants, | : |
| -and- | : |
| CITIGROUP, INC., a Delaware Corporation, | : |
| Nominal Defendant. | : |

---------------------------------------------------------------X

**PLAINTIFF BENJAMIN NATHANSON'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE ALL RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT A LEADERSHIP STRUCTURE FOR PLAINTIFFS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 8, 2008 at 3:00 p.m. (EST) plaintiff Benjamin Nathanson, by and through his counsel of the Law Offices of Thomas G. Amon and Landskroner Grieco Madden, Ltd., will hereby move this Court on a date and time as may be designated by the Court, at 500 Pearl Street, New York, NY for an Order (submitted concurrently herewith) to: (i) consolidate *Harris v. Prince, et al.*, 07-CV-9841 (SHS); *Cinotto v. Prince, et al.*, 07-CV-9900 (SHS); *Nathanson v. Prince, et al.*, 07-CV-10333 (JSR); *Cohen v. Citigroup, Inc., et al.*, 07-CV-10344 (SHS); *Ryan v. Prince, et al.*, 07-11581, and all other related Citigroup, Inc. shareholder derivative actions subsequently filed in this Court; (ii) appoint Benjamin Nathanson as Lead Plaintiff; and (iii) appoint Landskroner Grieco Madden, Ltd. as plaintiffs' Lead Counsel and the Law Offices of Thomas G. Amon as Liaison Counsel for these actions.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Thomas G. Amon, and any arguments made before the Court at the hearing of this Motion and all other papers and pleadings on file in this action.

DATED:  January 28, 2008

Respectfully submitted,

LAW OFFICES OF THOMAS G. AMON

THOMAS G. AMON (TGA-1515)

250 West 57th Street, Suite 1316
New York, NY 10107
Telephone: (212) 810-2430
Facsimile:  (212) 810-2427

LANDSKRONER GRIECO MADDEN, LTD.
JACK LANDSKRONER
1360 West 9th Street, Suite 200
Cleveland, OH 44113
Telephone:  (216) 522-9000
Facsimile:  (216) 522-9007
Attorneys for Plaintiff

316066_2.DOC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

| | |
|---|---|
| JEFFREY HARRIS, Derivatively On Behalf of CITIGROUP, INC., | : Case No. 07-cv-9841 (SHS) |
| Plaintiff, | : |
| vs. | : |
| CHARLES PRINCE, ET AL., | : |
| Defendants, | : |
| -and- | : |
| CITIGROUP, INC., a Delaware corporation, | : |
| Nominal Defendant. | : |

| | |
|---|---|
| GARY CINOTTO, Derivatively On Behalf of CITIGROUP, INC., | : Case No. 07-cv-9900 (SHS) |
| Plaintiff, | : |
| vs. | : |
| CHARLES PRINCE, ET AL., | : |
| Defendants, | : |
| -and- | : |
| CITIGROUP, INC., a Delaware corporation, | : |
| Nominal Defendant. | : |

| | |
|---|---|
| BENJAMIN NATHANSON, Derivatively On Behalf of CITIGROUP, INC., | : Case No. 07-cv-10333 (SHS) |
| Plaintiff, | : |
| vs. | : |
| CHARLES PRINCE, ET AL., | : |
| Defendants, | : |
| -and- | : |
| CITIGROUP, INC., a Delaware corporation, | : |
| Nominal Defendant. | : |

- 1 -

| | |
|---|---|
| SAM COHEN, Derivatively On Behalf of CITIGROUP, INC., | : Case No. 07-cv-10344 (SHS) |
| Plaintiff, | : |
| vs. | : |
| CITIGROUP, INC., ET AL., | : |
| Defendants. | : |
| WALTER E. RYAN, JR., derivatively on behalf of CITIGROUP, INC., | : Case No. 07-cv-11581 (UA) |
| Plaintiff, | : |
| vs. | : |
| CHARLES PRINCE, ET AL., | : |
| Defendants, | : |
| -and- | : |
| CITIGROUP, INC., a Delaware Corporation, | : |
| Nominal Defendant. | : |

------------------------------------------------------------X

### DECLARATION OF THOMAS G. AMON IN SUPPORT OF PLAINTIFF BENJAMIN NATHANSON'S MOTION TO CONSOLIDATE ALL RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT A LEADERSHIP STRUCTURE FOR PLAINTIFFS

I, THOMAS G. AMON, declare as follows:

1.       I am an attorney duly licensed to practice before all of the courts of the State of New York and in this Court. My law firm is the Law Offices of Thomas G. Amon, and I am one of the counsel of record for Plaintiff in *Nathanson v. Prince, et al.*, 07-CV-10333 (SHS) pending in this Court. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.       I make this declaration in support of Plaintiff Benjamin Nathanson's ("Plaintiff") Motion to Consolidate Related Actions and for a Leadership Structure for Plaintiffs (the "Motion"). Plaintiff requests that this Court consolidate the related actions, appoint Plaintiff as

Lead Plaintiff, and appoint a leadership structure of Jack Landskroner of Landskroner Grieco Madden, Ltd. as Lead Counsel for Plaintiffs and the Law Office of Thomas G. Amon ("Amon Firm"), as Liaison Counsel.

3.      Jack Landskroner and Landskroner Grieco Madden, Ltd. have extensive experience in litigating complex shareholder derivative actions.  Mr. Landskroner has extensive experience in complex litigation including class action cases, securities arbitration cases, consumer fraud cases, and shareholder derivative cases.  Mr. Landskroner's expertise has been recognized on numerous occasions by courts who have appointed him to leadership positions charged with prosecuting complex litigations on behalf of plaintiffs.  In short, Mr. Landskroner is more than qualified to lead this litigation.

4.      For a more detailed description of the qualifications and experience of the Landskroner firm, I attach a copy of the firm's resume as Exhibit A.

5.      The Amon Firm is a New York-based law firm representing companies, executives and shareholders in litigation and corporate transactions.  The firm has extensive experience in the federal courts in New York with a thorough knowledge of this Court's local rules.  The Amon Firm was appointed as Liaison Counsel in this District in *Carolyn Phillips, derivatively on behalf of First BanCorp v. Angel Alvarez-Perez et al.,* Case No. 05-CV-10244(VA/JSR) (S.D.N.Y.).  In short, the lawyers of the Amon Firm are more than qualified to be liaison counsel in this litigation.

6.      For a more detailed description of the qualifications and experience of the Amon Firm, I attach a copy of my firm's resume as Exhibit B.

7.      In sum, a consolidated caption should be designated, a master file should be created, a date for the filing of a consolidated complaint should be set, a leadership structure for plaintiffs should be appointed, and a procedure for consolidation of any future filed shareholder derivative actions that arise out of the same subject matter should be implemented.  All of these matters will lessen confusion and facilitate the efficient litigation of this consolidated action in the best interest of all parties.

- 3 -

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 28 day of January, 2008, at New York, New York.

THOMAS G. AMON

315962v2

# LANDSKRONER · GRIECO · MADDEN

### ATTORNEYS & COUNSELORS AT LAW

A Limited Liability Company

1360 West 9th Street, Suite 200, Cleveland, Ohio 44113
TELEPHONE **216.522.9000**   TOLL FREE **866.522.9500**
FACSIMILE **216.522.9007**
WEBSITE **www.lgmlegal.com**
EMAIL jack@lgmlegal.com

# FIRM RESUME

**The Firm's Practice**

Landskroner • Grieco • Madden, Ltd. is a Cleveland-based law firm representing plaintiffs in complex civil litigation in the state and federal courts of Ohio and throughout the United States. The firm has built a reputation on providing quality representation to its clients in conjunction with aggressive advocacy and high standards of ethical conduct.

Landskroner • Grieco • Madden actively engages in cases involving consumer, insurance and antitrust class action claims, as well as securities, and shareholder derivative claims. The firm has served in the role of lead, co-lead and liaison counsel in a number of significant securities, derivative and consumer class actions. The firm has played a prominent role in cases where substantial recoveries were made for innocent investors victimized in corporate scandals, and in cases where consumers have been defrauded by unscrupulous business practices. The firm has represented institutional and individual investors in securities litigation and victims of consumer fraud across the country.

The firm also represents Ohio families in their individual claims for catastrophic harm caused by defective products, unsafe work environments, negligent medical care, and predatory lending practices, in addition to individuals and small businesses harmed as the result of bad faith insurance practices.

Landskroner • Grieco • Madden attorneys have significant trial experience and have been recognized at local, state and national levels for their skills and accomplishments as civil litigators. In addition to its three named principals, the firm employs associate attorneys, paralegals and administrators to ensure each case is fully staffed in order to achieve the most favorable outcome for its clients.

## SAMPLE CLASS ACTION AND DERIVATIVE CASE INVOLVEMENT

**Pending Cases:**

- *Clemmer v. Key Bank, N.A.*, Case No. 1:06-cv-2654, Northern District of Ohio, Eastern Division (liaison and local trial counsel): Alleged improper charge of ATM fees in violation of the Electronic Funds Transfer Act

- *Greenhouse Partners v. Ferro Corporation*, U.S.D.C. Case No. 04-CV-1440, Northern District of Ohio, Eastern Division (liaison and local trial counsel): Securities fraud class action alleging defendants violated federal securities law

- *Frank v. Dana Corporation*, U.S.D.C. Case No. 3:05-CV-07393, Northern District of Ohio, Eastern Division (liaison and local trial counsel): Securities fraud class action alleging defendants violated federal securities law

  Lead Plaintiffs: SEIU Pension Plans Master Trust
  West Virginia Laborers' Pension Trust Fund
  Plumbers and Pipefitters National Pension Fund

- *In re Carbon Black Antitrust Litigation*, U.S.D.C. Master Docket No. 03-CV-10191-DPW, District of Massachusetts (cooperating counsel/discovery team): Plaintiffs allege that major producers of carbon black unlawfully conspired to fix the price of carbon black, which is used in the manufacture of rubber, tires, plastics, inks and other products

- *In re Friedman's, Inc.*, U.S.D.C. Case No. 03-3511, Northern District of Georgia, Atlanta Division (cooperating counsel): Securities fraud class action alleging defendants violated federal securities law

- *In re Genta Incorporated Derivative Action*, Case No. A-4484-05T3, Superior Court of New Jersey (co-lead counsel): Derivative claims for alleged breach of fiduciary duty and other violations of law against the officers and directors of Genta Incorporated

- *In re Human Tissue Litigation*, U.S.D.C. Case No. 2:06-CV-135, MDL Docket No. 1763, New Jersey (MDL Case Executive Committee): Class action for product defect, battery and fraud in the harvesting, processing and sale of human tissue used in transplant procedures

- *Eisenberg v. Anheuser-Busch, Inc.,* U.S.D.C. Case No. 04-CV-1081, Northern District of Ohio, Eastern Division (cooperating counsel): Class action for injunctive relief alleging defendants conspired to entice, encourage and advertise underage drinking in violation of state laws and public policy

- *Foster v. Bradley Pharmaceuticals, Inc.*, Case No. L-3820-05, Superior Court of New Jersey, Essex County (co-lead counsel): Derivative claims for alleged breach of fiduciary duty and other violations of law against the officers and directors of Bradley Pharmaceuticals

- *Kaye v. Southwest Airlines Co.*, U.S.D.C. Case No. 05-00712, District Court of Dallas County, State of Texas (co-lead counsel): Consumer class action in which plaintiffs allege that defendant improperly retained departure fees charged to consumers when travel was not commenced

- *Ritt v. Billy Blanks*, Case No. 424237, Cuyahoga County Court of Common Pleas, Ohio (co-lead counsel): Consumer fraud class action alleging defendants violated consumer protection statutes by improperly charging consumer credit cards for a wholesale buy-club membership without authorization

- *Savedoff v. Access Group, Inc., et al.*, Case No. 1:06-CV-00135, Northern District of Ohio, Eastern Division (liaison and local trial counsel): Class action alleging improper calculation of interest fee payments concerning student loans

- *Staehr v. Robert D. Walter, et al.*, Case No. 02-CVG-011-639, Delaware County Court of Common Pleas, Ohio (co-lead counsel): Derivative claims for alleged breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment by officers and directors of Cardinal Health

- *Sanford v. Memberworks, Incorporated,* Case No. 02-CV-0601, Southern District of California (co-lead counsel): Consumer fraud class action alleging defendants violated consumer protection statutes by improperly charging consumer credit cards for a wholesale buy-club membership without authorization

- *Sanford v. West Corporation*, Case No. GIC805541, Superior Court of California, County of San Diego (co-lead counsel): Consumer fraud class action alleging defendants violated consumer protection statutes by improperly charging consumer credit cards for a wholesale buy-club membership without authorization

- *Tyler v. Alliance Gaming Corp.*, U.S.D.C. Case No. CV-S-04-0821, Southern District of Nevada (cooperating counsel): Securities fraud class action alleging defendants violated federal securities law

**Resolved Claims:**

- *In re Advanced Lighting Securities Litigation*, U.S.D.C. Master File No. 1:99CV836, Northern District of Ohio, Eastern Division (liaison and local trial counsel)

  Settlement $8.4 million

- *In re Empyrean Bioscience, Inc. Securities Litigation*, U.S.D.C. Master File No. 1:02-CV-1439, Northern District of Ohio, Eastern Division (liaison and local trial counsel)

  Settlement $1.425 million

- *In re FirstEnergy Corp. Securities Litigation*, U.S.D.C. Case No. 5:03-CV-1684, Northern District of Ohio, Eastern Division (local trial counsel)

  Lead Plaintiffs:    The City of Sterling Heights General Employees Retirement System
                      Central Laborer's Pension Fund

  Settlement $84.9 million

- *In re Scrap Metal Antitrust Litigation*, U.S.D.C. Case No. 1:02-CV-0844, Northern District of Ohio, Eastern Division (cooperating counsel on discovery team)

  Partial settlement $10 million approved August 2004
  Jury verdict: $11,500,000
  Judgment entered: $23,036,000

- *Iron Workers Local Union No. 17 Insurance Fund v. Phillip Morris, Inc.*, U.S.D.C. Case No. 97-CV-1422, Northern District of Ohio, Eastern Division (liaison and local trial counsel)

  Case tried to jury verdict

- *Kaye v. Koninklijke Ahold, NV dba Royal Ahold,* U.S.D.C. Case No. 03-CV-1411, Southern District of New York (cooperating counsel)

  Settled

- *Leonard v. UNUMProvident Corporation*, Case No. 04-1337, Hamilton County Chancery Court, Tennessee (lead counsel)

  Settled

- *Menear v. Mark Nutritionals, Inc. dba Body Solutions*, Case No. 459890, Cuyahoga County Court of Common Pleas, State of Ohio/U.S. Bankruptcy Court No. 02-54469, Western District of Texas, San Antonio Division (lead counsel in Ohio prior to removal to federal bankruptcy court).

  Case disposed of by bankruptcy proceeding

- *Miller v. Intercept, Inc.*, U.S.D.C. Case No. 03-CV-0704, Northern District of Georgia, Atlanta Division (cooperating counsel)

  Settlement $5.3 million

- *Nugent v. AFC Enterprises, Inc.*, U.S.D.C. Case No. 03-CV-817, Northern District of Georgia, Atlanta Division (cooperating counsel)

  Settled

**JACK LANDSKRONER, ESQ.**
**LANDSKRONER • GRIECO • MADDEN, Ltd.**
**1360 West 9th Street, Suite 200**
**Cleveland, Ohio  44113-1254**
**jack@lgmlegal.com**

<u>**CURRICULUM VITAE**</u>

## <u>PERSONAL</u>

Born  November 14, 1967, Cleveland, Ohio;  Married:  Heather Ann Landskroner: four children

| | |
|---|---|
| 1992 | Admitted to the Ohio Bar |
| 1992 | Admitted to the Northern District of Ohio Federal Trial Bar |
| 1994 | Admitted to United States Court of Appeals, Sixth Circuit |
| 1999 | Board Certified Trial Advocate by the National Board of Trial Advocacy (NBTA) |
| 2000 | First Argued before the Supreme Court of Ohio |
| 2002 | Admitted to the United States Supreme Court |
| 2003 | Admitted to the United States Court of Federal Claims |
| 2004 | Admitted to the Southern District of Ohio Federal Trial Bar |
| 2007 | Admitted to the United States Court of Appeals, Ninth Circuit |

## <u>EDUCATION</u>

| | |
|---|---|
| 1989 | B.A., Boston University (Law and Social Relations) |
| 1992 | J.D., Cleveland Marshall College of Law |

## <u>EMPLOYMENT</u>

2003 - Present: Principal, Landskroner • Grieco • Madden, Ltd.
   Trial Lawyer practicing Civil Litigation; class action litigation, wrongful death, product liability, personal injury, medical malpractice, insurance law, with special interest in the representation of children.
1997 - 2002:  Managing Member, The Landskroner Law Firm, Ltd.
1992 - 1996:  Associate, Landskroner & Phillips Co., L.P.A.
1989 - 1992:  Landskroner & Phillips Co., L.P.A.

## <u>PROFESSIONAL MEMBERSHIPS/APPOINTMENTS</u>

- AV-rated (highest rating awarded Martindale Hubbell)
- Named to Ohio SuperLawyers 2004, 2005, 2006, 2007
  Recognized as one of Ohio's Top 100 lawyers
- American Association for Justice (AAJ)
- Ohio Association for Justice (OAJ)
- Public Justice Foundation - Elected to The Board of Directors  (1999-  )
- Public Justice (PJ) - Executive Committee (2006 -   ) "State of Ohio Coordinator" (1994- ); State Network Committee (1995-  ); State Liaison Membership (1996- )
- Kent State University Paralegal Program Advisory Committee (1999-   )
- Cuyahoga County Guardian Ad Litem (1999-   )

- Cleveland Academy of Trial Attorneys (CATA)
  Elected to the Board of Directors (2002-2005)(2006-2009)
  2007 Recipient of the CATA President's Award for exceptional services
- Cuyahoga County Bar Association (2004-2005)
- Ohio State Bar Association (1992-2001)
- Cleveland Marshall College of Law, Alumni Association (Life Member)

## APPELLATE OPINIONS OF SIGNIFICANCE

- *Ritt v. Billy Blanks Enterprises,* 2007-Ohio-1695 (Ohio App. 8th Dist.)

- *Sanford v. West Corporation*, Case No. D046739, Court of Appeals, Fourth Appellate District, California (2006) (unpublished)

- *State ex rel. Smith v. Cuyahoga Cty. Court of Common Pleas*, 106 Ohio St.3d 151, 832 N.E.2d 1206 (2005)

- *Rinaldi v. City View Nursing Home*, 109 Ohio St.3d 1424, 846 N.E.2d 534 (2005)

- *Kaye v. Southwest Airlines*, 2005 U.S. Dist. LEXIS 18389 (N.D. Tex. 2005)

- *In re First Energy Corp. Sec. Lit'g*, 316 F. Supp.2d 581, ND Ohio (2004)

- *Ritt v. Billy Blanks Enterprises*, 2003-Ohio-3645 (Ohio App. 8th Dist.)

- *Kmetz v. MedCentral Health Systems*, 2003-Ohio-6115, 2003 WL 22715631 (Ohio App. 5 Dist.) (unreported)

- *Minton v. Honda of Am. Mfg., Inc.*, 80 Ohio St.3d 62, 684 N.E.2d 648 (1997)

## LECTURER/COMMENTATOR

- Cleveland Academy of Trial Attorneys (CATA): "Consumer Class Action Litigation" (2004)
- Cleveland Academy of Trial Attorneys (CATA):  "Employment Intentional Tort" (2002)
- National Counsel of Jewish Women:  Child Advocacy:  "Love A Kid, Lock A Gun" (2001)
- Ohio Academy of Trial Lawyers (OATL) Medical Negligence Seminar – Mediation in the Medical Malpractice Case (1999)
- 850 Radio Mike Solomon Show:  "Nursing Homes Negligence" (1999)
- Faces of the Future Child Advocacy National Seminar;  "Focus Groups"  Atlanta, GA (1999)
- WJW TV 8 Cleveland: Tort Reform: (1997)
- International Society of Refractive Surgeons; Mid-Summer Symposium: "The Role of FDA in Malpractice Liability"  Minneapolis, MN (1996)
- WNPR/WCPN National Public Radio: Guest commentator "House Bill 350-Tort Reform" (1996)
- Case Western University School of Law "Public Interest Law" (1996)
- WERE Radio "Bob Zashin and the Law" guest appearance "Consumer Law", "Product Liability Law" (1994) – (1999)
- WJW TV 8 Cleveland: Appearance as Guest Commentator (1995)
- Francis Payne Bolton School of Nursing, Case Western Reserve University:  "Legal Aspects of Nurse Midwifery (The Federal Dumping Statute)" (1994)

- Fraternal Order of Police George Murray (Lodge 67): "Labor Relations" (1994)
- University School: Constitutional Law Classes; Business Profession Classes (1993-1995)

## PUBLICATIONS

- Cleveland Academy of Trial Attorneys: News:"Bad Faith Insurance Practices" (Summer 2006) Co-author Rebecca Castell
- Ohio Trial (Ohio Academy of Trial Lawyers), "Gender Injustice and Tort Reform" (Vol. 14, Issue 2), co-author David M. Beninger (Summer 2004)
- Cleveland Academy of Trial Attorneys: News: "Class Action Litigation" (Summer 2003)
- Ohio Trial (Ohio Academy of Trial Lawyers), "Fighting Federal Preemption" (Volume 13, Issue 2), co-authors Arthur H. Bryant and Leslie A. Brueckner
- Ohio Trial (Ohio Academy of Trial Lawyers), "Fighting Unnecessary Court Secrecy" (Volume 13, Issue 1)
- Ohio Lawyer, "U.S. Supreme Court Allows Fee-Silent Arbitration Clauses" (March/April 2001, Volume 15, No. 2)
- The Cleveland Bar Journal: "Federal Pre-emption: *Geier* and its implications" (February 2001)
- Guest Columnist: Chagrin Valley Times (2005 -  )
- Contributor Opinion Editorials "The Columbus Dispatch" (1997-  )
- Contributor Opinion Editorials "The Daily Legal News" (1995-  )
- Contributor to the "Cleveland Plain Dealer" Opinion Editorials (1994-  )
- Contributor to Ohio Academy of Trial Lawyers "Advisory" (1995-  )
- Columnist: Link Magazine, The Legal Eagle  "Prenuptial Agreements, A Thing That Makes You Go Hmm" (1992)

## NON-PROFESSIONAL MEMBERSHIPS AND AFFILIATIONS

- Founder:  The Landskroner Foundation for Children: a children's advocacy organization
- Reach Out America: Non-profit organization created in 2005 to assist hurricane victims
- Rotsky Foundation for Mentors
- Boston University Alumni Representative
- Sigma Alpha Mu Fraternity
- The Club at Key Center
- Stand For Children
- United Cerebral Palsy
- "Meals on Wheels" volunteer (1992 - 2001)
- Cleveland City Club (1997-2001)
- Big Brothers/Big Sisters of Cleveland - Division of Youth Visions (1992-1995)

## SAMPLE AWARDS/VERDICTS

2007    **Leonard v. UnumProvident Corp.**

Derivative claims for alleged breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment by the directors and officers of UNUMProvident Corporation related to the use of alleged hidden contingent commissions and kickbacks in the sale of group insurance

Settlement: (Pending approval)  Enactment of corporate governance prohibiting continued use of hidden contingent commissions and increasing transparency for customers.

2006    **Reust v. State Automobile Mutual Insurance Co.**

Cross-Claimant Reust had a State Auto homeowner's policy with $100,000 liability coverage. Reust's dog dog bit off girlfriend's lip.  State Auto denied his girlfriend's claim, refused to indemnify Reust and refused to provide him with a defense when he was sued by his girlfriend.  A judgment was rendered against Reust by his girlfriend, and Reust sued his own insurance company for failing to honor their contractual obligations and bad faith.

Settlement: $2,400,000.00

2006    **Estate of John Doe, a minor v. ABC Foundation**

Decedent, a 23-month-old child, died when his treating pediatrician failed to timely diagnose and treat bacterial meningitis.

Settlement: Confidential

2005    **John Doe, a minor v. Doctor X**

Plaintiff alleged that Defendant optometrist failed to timely diagnose and refer this six year old child for treatment of the sudden loss of visual acuity and headaches arising from what was subsequently diagnosed as a craniopharyngiomia (benign brain tumor).  As a result of the delay in diagnosis the tumor's size increased pressing on the boy's optic nerve and chiasm causing permanent optic nerve damage and complete loss of vision in his left eye.

Settlement: $650,000

2005    **In Re FirstEnergy Corp.**

Class action on behalf of shareholders of First Energy Corporation stock

Settlement: $84,900,000.00

(Co-Counsel Lerach Coughlin Stoia Geller Rudman and Robbins)

2004    **In re Empyrean Bioscience, Inc. Securities Litigation**

Class action on behalf of shareholders of Empyrean Bioscience, Inc.

Settlement: $1,425,000.00

(Co-Counsel Laurence Rosen, Esq.)

2004    **Leiner v. Glick**

Plaintiff and her husband were traveling down a rural road under the right of way when a tractor-trailer truck failed to yield at a stop sign, causing a collision. Plaintiff suffered a calcaneous (heel) fracture and comminuted ulna (wrist) fracture, requiring external fixation and surgical intervention for placement of a vena cava filter because of blood clots.

Settlement: $350,000.00

2004    **Kekelis v. Mack**

Plaintiff was injured when Defendant hit and flipped his vehicle while driving under the influence of alcohol (DWI), causing a rotator cuff tear necessitating surgical repair and placement of a Mitek Anchor in his shoulder.

Jury Verdict: $82,000.00, plus attorneys' fees
Final Judgment: $112,000.00

2003    **Estate of John Doe v. Jane Doe, M.D.**

Plaintiff was a 62-year-old man who developed changes in bowel habits, recurring bouts of constipation and diarrhea, loss of weight, vomiting and eventually presented with blood in his stool. Plaintiff's family physician treated these conditions for over 20 months without ordering appropriate or timely diagnostic evaluation of Plaintiff's colon via colonoscopy. While driving his truck at work, Plaintiff's colon ruptured from a colonic tumor. Emergency surgery was performed but the cancer had spread. Plaintiff underwent unsuccessful chemotherapy treatment over four months and then died. Plaintiff's estate claimed Defendant failed to timely diagnose and treat decedent's colon cancer resulting in spread of disease and death. He was survived by his wife of 26 years, five daughters and three stepchildren.

Settlement: Confidential

2003    **In Re Advanced Lighting Securities Litigation**

Settlement: $8,400,000.00

(Co-Counsel Milberg, Weiss, Bershad, Hynes & Lerach, LLP)

2002    **Estate of John Doe v. Company X**

Mr. Doe was an employee of Company X, working as a maintenance man. While repairing the "crash" of a Garnett/Lapper machine, Mr. Doe was underneath the machine, which was neither locked out nor tagged out. Company X preferred that the machines not be locked or tagged out when repairing a crash because it slowed down production. The machine crash was cleared and Mr. Doe was caught by the neck between the Lapper roller and shaft and was asphyxiated. Company X reported the death as a heart attack rather than a strangulation. Mr. Doe's family alleged a violation of workplace safety regulations and an employment intentional tort.

Settlement: $1,350,000.00

2002    **Michael Hippo v. ABC Company**

Michael Hippo was a salesman working for a general contractor who placed him in the role of Job Superintendent on a building site. He was requested by a subcontractor to climb a 14-foot A-frame ladder to paint piping. While atop the ladder, he leaned on the piping which was secured by ceiling hangers. The piping moved, causing him to fall 14 feet, landing on his head. Michael Hippo suffered post-traumatic seizures with cognitive dysfunction and a subsequent behavioral disorder, resulting in uncontrolled fits of aggression and damaged short-term memory. Michael Hippo alleged negligence on the part of the third-party subcontractor. ABC Corporation contended Michael Hippo caused his own injury and that he was a loaned servant which provided ABC Corporation immunity from suit.

Settlement: $4,530,000.00

2002    **Andrea Kmetz, Admin. for Estate of Jay Kmetz v. MedCentral Health Systems**

Jay Kmetz underwent anterior cervical diskectomy and fusion (ACD&F) on 3/10/98 at Mansfield Hospital. Over the next twelve hours, Jay experienced post-operative complications, eventually leading to complaints of inability to breath and swallow at 2:00 a.m. Despite subjective complaints, the nurse noted no objective findings, and failed to obtain a medical consult. At 2:35 a.m. on 3/11/98, Jay Kmetz suffered a respiratory arrest, leading to cardiac arrest. Jay Kmetz' death followed 15 hours later. The family declined an autopsy and the cause of death remained in dispute. Plaintiff presented no economic loss and proceeded to trial on Decedent's survivorship claims for pain and suffering and losses to the five surviving adult siblings and parents.

Jury Verdict: $500,000.00 (survivorship only)

2001    **In re Jane Doe**

Thirty-five year old woman suffered fractured vertebra while a passenger in a vehicle hit by an underinsured motorist.

Settlement (presuit): $437,500.00

2001    **Jane Doe v. Atlas Iron, et al.**

Defendant truck driver (Atlas Iron) parked his semi-tractor and trailer in a full lane of traffic on a two-lane roadway in front of Defendant A-1 Auto's lot, where he was to pick up a load of scrap steel. It was 3:00 p.m. and A-1's parking lot was full with no place to park on the premises. Plaintiff, age 30, came over the crest of a hill and curve in the roadway, which created a view obstruction, providing only 437 feet of visibility. When Plaintiff was able to perceive and react to the truck in her lane of traffic, it was too late, and she hit the back of the parked vehicle, suffering severe and debilitating injuries, including a broken femur, two broken wrists, fractured ankle and degloving injury to her face. Defendants argued Plaintiff hit the back of the parked truck because she was not paying enough attention to the road in the operation of her vehicle. Plaintiffs argued Defendant Atlas Iron failed to provide warning to oncoming vehicles and Defendant A-1 Auto created a constructive nuisance by failing to provide parking access to business invitees.

Settlement: $524,000.00

2000     **Brenda Muriel, as Administratrix and Prosequendum for the heirs-at-law of Jayson Diaz, Jr., Deceased, et al. v. Yellow Freight Systems, Inc., et al.**

Decedent was a 1½-year-old boy killed as a passenger in his mother's vehicle, when it was hit by a Yellow Freight truck on the Ohio Turnpike. The mother's vehicle was disabled and being towed with a makeshift tow rope by a U-Haul truck driven by the child's father at 2:00 a.m. in the morning. The driver of the Yellow freight truck claimed the car was being illegally towed and had no lights. The family claimed the driver of the truck failed to keep an assured distance. After impact, the parents were unable to remove the child from his car seat before the car exploded and caught fire.

Settlement: $700,000.00

2000     **In re:  The Estate of John Doe, a minor**

Plaintiff's decedent was a four-year-old boy killed as an unrestrained front seat passenger in a motor vehicle accident. The child was killed as a result of the impact from the airbag which was triggered by the motor vehicle accident.

Settlement (presuit): $700,000.00

2000     **The Estate of Jane Doe v. ABC Trust**

Plaintiff Jane Doe, deceased, was a 66-year-old retired county worker residing in an apartment complex on Cleveland's east side. Ms. Doe was single with no children. A fire broke out in the first floor laundry room of her building in the early morning hours. The fire was determined to be of human origin. There had been at least five previous fires of human origin in the laundry rooms of buildings in this complex, and one in her building. The complex also had a history of vagrants living in apartment laundry rooms. All other tenants escaped, but Ms. Doe was killed in the fire. Plaintiffs alleged the apartment complex was negligent in failing to provide adequate security to protect its residents. Defendant contended this was arson and nothing could be done to prevent the fire.

Settlement at Trial: Confidential

Co-Counsel:  Johnnie Cochran, Esq.

2000     **Leyland Hoyle v. Murlon T. Lile Trucking Co.**

Mr. Hoyle was an over the road truck driver hit from behind by another truck on the freeway. As a result of the impact, he suffered a concussion and an abdominal hernia. The insurance company for the Defendant would not pay for the $7,000 property damage to repair Mr. Hoyle's truck or for the $6,000 in medical costs for surgery to repair his hernia. As a result, Mr. Hoyle could not work, and his truck was repossessed because he could not make his loan payments.

Jury Verdict: $178,881.00 (case settled after verdict for $195,000.00 pending motions for prejudgment interest and costs)

1998     **The Estate of Max Harrell (deceased) v. Gaylord Foundry Equipment Co., et al.**

Plaintiff Max Harrell, deceased, was a 61-year-old man working at an aluminum coring foundry when a solenoid gassing valve stuck open causing sulfur dioxide gas to leak into the ambient work air. Mr. Harrell was a known asthmatic and was exposed to the gas causing an asthma attack, which resulted in suffocation and death. The widow brought suit alleging product defect and failure to

warn.  Defendants contended the employer misused the product and Plaintiff should not have been working in that environment.

Settlement at Trial: $575,000.00

1998     **Randall Figuly v. Fortune Products, Inc. et al.**

Plaintiff, a 26-year-old line cook, was injured when the knife sharpener he was utilizing fractured in his hand allowing the knife to run free lacerating his wrist, partially severing the nerves, tendons, and muscles in his left hand.  Plaintiff alleged negligent design, manufacture and inadequate warnings on the knife sharpener.  Defendants contended misuse of the product by the Plaintiff and his employer.

Settlement: $436,838.00

1997     **Thomas Ortman, et al. v. John Doe, M.D., et al.**

Plaintiff, a 37-year-old man, was diagnosed with testicular seminoma Stage I causing the removal of his right testicle.  After completing post surgical radiation treatments, he was discharged with a clean bill of health from his physician's care.  Five months later, Plaintiff experienced severe pain in his low back and abdomen causing him to return to the emergency room.  At that time, he was diagnosed with a mixed germ cell tumor, with masses around his kidneys and in the muscle areas surrounding his kidneys.  Plaintiffs alleged that the Defendants failed to diagnose the mixed germ cell tumor, misread the original pathology findings and discharged the patient without appropriate follow up care.  This resulted in the spread of cancer causing Mr. Ortman to undergo additional chemotherapy treatments and 19 unnecessary radiation treatments.  As of resolution to this claim, Plaintiff had recovered and was cancer free.

Settlement: $200,000.00

1997     **Ralph DePolo, et al. v. John G. Pasalis, M.D.**

Plaintiff was a 67-year-old man who presented to the Defendant urologist on referral from his general physician for concerns related to microscopic blood in his urine.  Plaintiff also had a urinary tract infection and hesitation in his stream of urine.  Defendant preformed numerous tests to screen the prostate, but neglected to pay attention to the results of an IVP film which indicated a suspicious area in the bladder.  Plaintiff was next seen by the Defendant one year later on follow up with gross blood in his urine.  The Defendant treated the prostate, but ignored the bladder over the course of the next six months.  Plaintiff sought a second opinion and was diagnosed with a huge bladder tumor.  Eventually, his bladder was removed and he was left with a stoma and an external pouch for urine retention.

Jury Verdict: $300,000.00

1997     **John Doe v. ABC Hospital and Physicians**

Plaintiff was admitted to the hospital emergency room with complaints of stomach pains.  He was diagnosed with gall stones and stabilized.  Two days later, the treating surgeon recommended gall bladder surgery.  Plaintiff was not a candidate for a surgical procedure because of other health concerns including hypertension, cardiomegaly, sleep apnea, morbid obesity and a history of psychiatric treatment.  The patient underwent the procedure and during the reversal from anesthesia, he suffered a hypoxic injury leaving him in a comatose state.  He had remained in a coma since 1994.

Settlement: Confidential

1997     **David Buckley v. Alfalfas Enterprises, Inc. dba Slam Jams, et al.**

Plaintiff, a business invitee, was assaulted by 3 to 5 other patrons at the Slam Jams Sports Bar and Grill.  Plaintiff claimed the bar maintained inadequate security for the safety of its customers.  Defendant contended that they should not be held responsible for the unforeseeable criminal acts of third parties and that Plaintiff contributed to his own injuries.  Plaintiff sustained spinal cord injury including Brown Sequard Syndrome.  As a result, he experienced atrophy of the right shoulder, arm and loss of dexterity in right hand as well as numbness in his left lower quadrant and a surgical laminectomy of C4-C7.

Settlement at Trial: $850,000.00

1997     **Jeff Dawson v. Midwest Plastic Fabricators, et al.**

Plaintiff was a passenger on a single engine plane which crashed shortly after takeoff en route from Atlanta to Cleveland.  The pilot was killed and Plaintiff suffered broken bones and was burned over parts of his body. Eventually, part of his left leg was amputated.  Defendants contended Plaintiff deviated from the course and scope of his employment and was not permitted to receive benefits from the Ohio workers' compensation fund.  Plaintiff claimed he was working at the time of the crash discussing business with the pilot of the plane who was a co-employee.

Jury Verdict: Plaintiff entitled to receive full benefits

1996     **Leroy Carter v. Greyhound Lines, Inc., et al.**

Plaintiff was a 74-year-old man who was a passenger on a Greyhound bus.  The bus driver lost control of the vehicle and drove the bus into a ditch.  Defendants admitted liability and the case proceeded on damages.  Plaintiff suffered post-traumatic stress disorder resulting in stammering and headaches as well as soft tissue injuries to his right hip.

Jury Verdict: $50,000.00

1996     **The Estate of Robert Mills v. United States of America**

Plaintiff alleged medical negligence when a 57-year old male presented to Wright Patterson Air Force Base Medical Center for treatment of a progressive sore throat.  Plaintiff's decedent sat in the emergency room for over 1 hour before being seen and then after consultation with a physician, sat for two additional hours before going into full respiratory arrest.  Defendants contended that arrest was sudden and not clinically foreseeable.  Decedent was diagnosed with epiglotittis, a viral

condition causing swelling of the epiglottis.  Subsequent creation of an airway was untimely and resulted in hypoxia, shock lung, eventual ARDS, multi system failure and death.

Settlement: $500,000.00

1996     **The Estate of Scott McGraw (a minor) v. Roger Murdock**

Twelve-year-old Scott McGraw was struck and killed by Defendant's truck while crossing the street from his mailbox to his home.  Defendant contended the boy unexpectedly ran into the road and that he was traveling 20 mph under the speed limit. Plaintiff contended that Defendant failed to act as a reasonable driver in that he saw the boy at the roadside but failed to take into consideration the immediate danger and unpredictable nature of a child near the roadway on a 55 mph rural road.

Settlement: $272,500.00 (exhaustion of policy limits on primary coverage plus underinsured benefits)

1995     **John Doe, et al. v. John Doe, D.C., D.M.**

Plaintiff suffered a stroke while under the treatment and care of Defendant Chiropractor at his health institute while on a supervised therapeutic fast.  Plaintiff suffered partial left-sided paralysis as a result of the stroke.

Settlement: Confidential

1995     **Joe Frankovich v. Asplundh Tree Expert Co., et al.**

Plaintiff, an electrical lineman, suffered electrocution when he came in contact with 13,700 volt tension lines while working in an Asplundh line lift bucket truck.  Plaintiffs alleged design defect in the controls of the bucket in that they were confusing and reversed directions when the bucket was operated in an over center position (over 90 degrees), making it unreasonably dangerous to the operator.  Mr. Frankovich lost his left arm, all his back muscles and suffered serious internal injuries.

Settlement: $2,450,000.00

1994     **The Estate of John Blaney v. Rick Scott Trucking Company, et al.**

Plaintiff was a laborer working on the premises of his employer.  Defendants' tractor trailer truck was making a delivery on employer's premises. While backing without appropriate backing warning, Defendants' driver-employee hit decedent crushing him and causing his death.

Judgment: $3,500,000.00

1994     **Martha Kirkbride, et al. v. Raymond Sanders**

Plaintiff was injured while a passenger in a vehicle hit by defendant's car.  Plaintiff hit her head on the windshield and suffered no documented neurological deficit. Unexplainably, she temporarily regressed to the mentality of a child.  She was diagnosed with post-traumatic stress disorder.

Settlement: $92,500.00

1994    **Mike Revak v. Cortez III Service Corp.**

Plaintiff was riding a bicycle against traffic on private property when he was hit by a security car making a right turn on red at an intersection.  Plaintiff suffered four broken ribs, separated shoulder and head trauma resulting in a post traumatic seizure disorder.

Jury Verdict: $152,124.00 (less comparative)

1994    **James McCaulley, et al. v. James E. Lyles, et al.**

Plaintiff was working in the bucket of a line lift bucket truck, repairing a traffic signal over an intersection.  Defendant, operating a semi tractor trailer truck passed under the traffic signal and hit the bottom of the bucket, catapulting Plaintiff 30 feet into the air.  Plaintiff landed on the cement sidewalk, fracturing two vertebrae, herniating a disk, fracturing his wrist and injuring his lung.

Settlement: $385,000.00

Co-counsel:  Mark D. Okey, Esq., The Okey Law Firm

# PAUL GRIECO, ESQUIRE
**Landskroner • Grieco • Madden, Ltd.**
**1360 West 9th Street, Suite 200**
**Cleveland, Ohio  44113-1254**
**(216) 522-9000**
**paul@lgmlegal.com**

## CURRICULUM VITAE

### PERSONAL

| | |
|---|---|
| Born | April 8, 1964 Brooklyn, New York |
| 1989 | Admitted to New York Bar |
| 1994 | Admitted to United States District Court - Eastern and Southern Districts of New York |
| 1995 | Admitted to Ohio Bar |
| 1998 | Admitted to United States District Court - Northern District of Ohio |
| 2003 | Admitted to United States District Court - Southern District of Ohio |

### EDUCATION

| | |
|---|---|
| 1986 | B.A., University of Vermont |
| 1989 | J.D., Case Western Reserve University |

### EMPLOYMENT

2003- Present:   Principal - Landskroner • Grieco • Madden, Ltd.
Civil Litigation, wrongful death, product liability, personal injury, medical malpractice, insurance, contract, class action litigation, business litigation, and criminal defense.

1995 - 2002:     Landskroner Law Firm, Ltd.
Civil Litigation, wrongful death, product liability, personal injury, medical malpractice, insurance, contract, class action litigation, and criminal defense.

1989-1995:       New York Legal Aid Society - Criminal Defense Division
Criminal misdemeanor and felony case load, representing clients at all court appearances including arraignments, grand jury proceedings, pre-trial hearings and trial.

### PROFESSIONAL MEMBERSHIPS

- Ohio State Bar Association (OSBA)
- Ohio Association for Justice (OAJ) - Board of Trustees (2007 -      )
- American Association for Justice (AAJ)
- The Justinian Forum
- The Cleveland Academy of Trial Attorneys (CATA)

## PUBLICATIONS AND LECTURES

- Fraternal Order of Police Labor Law Workshop – Annual Speaker
- Cleveland Communicator – Fraternal Order of Police Newsletter: "Your Rights as a Plaintiff"
- Ohio State Bar Association – Basics of Civil Litigation Seminar
- National Business Institute Seminars
  - Adjusting the Automobile Injury Claim in Ohio
  - How to Win Your Next Soft Tissue Injury Trial
  - How to Litigate Your First Civil Trial in Ohio
- Cleveland Bar Association - New Lawyer Training Program
- The Cheshire Cheese Club of Cleveland - The Truth Behind Tort Reform
- Cleveland Clinic Sports Medicine Course - Medical Malpractice Tort Reform in Ohio
- Cleveland Clinic Sports Health -

## NON-PROFESSIONAL MEMBERSHIPS AND AFFILIATIONS

- The Rotsky Foundation for Mentors
- The Club at Key Center

## SAMPLE AWARDS/VERDICTS

2007    **John Doe v. XYZ Corp.**

Plaintiff was sexually abused by camp counselor while attending overnight camp.

**Settlement:     Confidential**

2006    **Estate of John Roa, Jr. v. John D. Winlock, Jr.**
Defendant, a co-worker of Decedent, punched Decedent in the head one time, killing him while the two were at work.

**Judgment:     $2,000,000**

2005    **Stamper v. Daniel P. Lytton, et al.**
Plaintiff was walking his dog when Defendant's dog, who was not restrained, ran from backyard toward Plaintiff and hit Plaintiff, causing him to fall.

**Settlement:     $175,000**

2005    **Carpenter v.  Dr. Elbert, D.D.S.**
Plaintiff sought dental care from Defendant dentist.  Defendant advised Plaintiff she needed her wisdom tooth extracted.  Upon extracting the tooth, Defendant fractured      Plaintiff's jaw.  Defendant failed to obtain the necessary informed consent from Plaintiff prior to extracting the tooth.

**Settlement:     $110,000**

2005    **Jane Doe, a minor v. Dr. X and ABC Hospital**
Medical negligence case arising out of Plaintiff's birth.  Defendant doctor and hospital, knowing that baby was in a breech position just prior to delivery, failed to follow proper procedures and did not

perform a c-section delivery. As a result of failing to do a c-section the baby became stuck in the mother's birth canal, requiring substantial force and traction to remove the baby, which caused a brachial plexus injury. Plaintiff developed Erb's palsy.

**Settlement:     Confidential**

2005    **Jane Doe v. XYZ School and John Doe**
Plaintiff was sexually abused by a school worker while she was residing on school premises.

**Settlement:     Confidential**

2004    **Kekelis v. Mack**
Plaintiff was injured when Defendant hit and flipped her vehicle while driving under the influence of alcohol (DUI) causing a rotator cuff tear necessitating surgical repair and placement of a Mitek Anchor in his shoulder.

**Jury Verdict:   $82,000.00, plus attorneys' fees**
**Final Judgment: $112,000.00**

2003    **Todd Reber v. Lovejoy Steel**
Plaintiff was employed at Lovejoy Steel in Portage County as a material handler and saw operator. As part of his job responsibilities he was required to work within steel bar pin racks. As Plaintiff was in the process of moving steel bars within the racks, a several ton steel bar rolled out of the rack onto Plaintiff's foot. Plaintiff sustained a serious crush injury which led to a complete transmetatarsal amputation. Suit was filed against Plaintiff's employer, Lovejoy Steel, based upon their knowledge of a dangerous condition; knowledge that if an employee was subjected by his employer to such dangerous condition, harm would be a substantial certainty, and that Lovejoy Steel, under such circumstances and with such knowledge, did act to require Mr. Reber to work within the dangerous condition.

**Jury Verdict:   $700,000**

2003    **John Doe v. T Supermarkets**
Plaintiff was working in a T Supermarket as a sales vendor. Plaintiff was required to use one of the supermarket's rolling step ladders to retrieve a sales display from a shelf. The ladder was negligently maintained by the supermarket, was unsafe, and caused Plaintiff to fall, injuring his back.

**Settlement:     $155,000**

2002    **Jane Doe v. Doctor X**
Medical negligence case for alleged negligent intubation of a 70-year-old female patient while undergoing an exploratory surgical procedure, resulting in Adult Respiratory Distress Syndrome (ARDS).

**Settlement:     Confidential**

2002    **Estate of Gregory K. Rhoades v. Summit Tower Services Inc., et al.**
Decedent, Gregory Rhoades, worked as a tower erector for Defendant Summit Tower Services. In October 1998, Summit was contracted by Defendant GPD to erect a 180-foot cell tower in Newton Falls, Ohio. Toward the end of the project, Mr. Rhoades was working at the top of the tower when he began the process of rappelling down the tower and suddenly lost control, falling 180 feet to his death. Suit was filed against Summit Tower based upon their knowledge of a dangerous process on

their job site; knowledge that if an employee was subjected by his employment to such dangerous process, harm would be a substantial certainty; and that Summit Tower, under such circumstances and with such knowledge, did act or require Mr. Rhoades to continue to perform the dangerous process of rappelling.  Suit was also filed against GPD Services based upon the theory that as a general contractor, GPD Services actively participated in directing the activity that resulted in Mr. Rhoades' death.

**Settlement:     $375,000**

2001   **Betty Carter, et al. v. Zurich U.S.**
Decedent Plaintiff's brother was crushed to death by a truck while working on a loading dock at his place of employment.  The truck driver had no insurance.  Plaintiff filed a claim against Decedent's employer for insurance coverage under the employer's uninsured/underinsured automobile insurance policy.

**Settlement:     $485,000**

2001   **Estate of Jane Doe v. XYZ Company, et al.**
Decedent was a 34-year-old single mother who was employed as a flagger on a road construction site.  While working, she was struck and killed by an underinsured Defendant.  A claim was brought not only against the driver of the vehicle that struck and killed Decedent, but also against the Decedent's employer for insurance coverage under the employer's uninsured/underinsured automobile insurance policy.

**Settlement:     Confidential**

2001   **Estate of John Doe v. ABC Hospital**
Decedent was taken to ABC Hospital following his attempted suicide from a drug overdose.  Decedent was admitted to the inpatient psychiatric floor of  the hospital and placed on suicide watch.  Within less than 24 hours of being admitted, Decedent was found hanging by a bedsheet in the bathroom of his room.  Plaintiff alleged not only negligence on the part of the hospital and its staff, but also negligent design of the psychiatric facility.

**Settlement:     Confidential**

2001   **Delores Auber v. Marc Glassman, Inc. et al.**
Plaintiff was exiting a Marc's store with her shopping cart when the cart suddenly dropped into a hole in the pavement, pulling Plaintiff to the ground.  The Plaintiff sustained a broken hip.  Plaintiff brought suit against Marc's as well as the landlord/owner of the property who was ultimately responsible for the sidewalk where Plaintiff fell.

**Settlement:     $90,000**

2000   **In re: The Estate of John Doe, a minor**
Plaintiff's decedent was a four-year-old boy killed as an unrestrained front seat passenger in a motor vehicle accident.  The child was killed as a result of the impact from the airbag which was triggered by the motor vehicle accident.

**Settlement Pre-Suit:     $700,000**

2000    **The Estate of Jane Doe v. ABC Trust**

Plaintiff Jane Doe, deceased, was a 66-year-old retired county worker residing in an apartment complex on Cleveland's east side.  Ms. Doe was single with no children.  A fire broke out in the first floor laundry room of her building in the early morning hours.  The fire was determined to be of human origin.  There had been at least five previous fires of human origin in the laundry rooms of buildings in this complex, and one in her building.  The complex also had a history of vagrants living in apartment laundry rooms.  All other tenants escaped, but Ms. Doe was killed in the fire.  Plaintiffs alleged the apartment complex was negligent in failing to provide adequate security to protect its residents.  Defendant contended this was arson and nothing could be done to prevent the fire.

**Settlement at trial:    Confidential**
**Co-Counsel:  Johnnie L. Cochran, Jr., Esq.**

2000    **John Doe, a minor v. ABC Organization**

Plaintiff, a young man attending a camp function, was struck in the face by an illegal explosive device being used as a stage prop during a theater skit.  After being rushed to the hospital the Plaintiff underwent significant surgery on his face and required further plastic surgery approximately one year later.

**Settlement Pre-Suit:    Confidential**

1998    **The Estate of Max Harrell (deceased) v. Gaylord Foundry Equipment Co., et al.** *

Plaintiff, Max Harrell, deceased, was a 61-year-old man working at an aluminum coring foundry when a solenoid gassing valve stuck open causing sulfur dioxide gas to leak into the ambient work air.  Mr. Harrell was a known asthmatic and was exposed to the gas causing an asthma attack which resulted in suffocation and death.  The widow brought suit alleging product defect and failure to warn.  Defendants contended the employer misused the product and Plaintiff should not have been working in that environment.

**Settlement at trial:    $575,000**

1998    **Zenaida Caraballo v. Thomas R. Gannon, et al.**

Plaintiff was a tenant in an apartment building owned by Defendant owner and leased to Defendant landlord.  She was descending a stairway leading to the ground floor when she fell, fracturing her ankle.  The stairway had no handrail.  Plaintiff alleged that Defendants were negligent in failing to provide a handrail on the stairway as required by law and that she fell due to the lack of the handrail.  Defendants contended that Plaintiff must have removed that handrail and that the lack of a handrail was not the proximate cause of Plaintiff's fall.  Defendant owner further contended that he had no notice of the missing handrail and that he was not responsible for maintaining the premises because he leased the building to the Defendant landlord.

**Jury Verdict:  $25,000**
**Also awarded prejudgment interest**

1997    **Ralph DePolo, et al. v. John G. Pasalis, M.D.**

Plaintiff was a 67-year-old man who presented to the Defendant urologist on referral from his general physician for concerns related to microscopic blood in his urine.  Plaintiff also had a urinary tract infection and hesitation in his stream of urine.  Defendant performed numerous tests to screen the prostate, but neglected to pay attention to the results of an IVP film which indicated a suspicious area in the bladder.  Plaintiff was next seen by the Defendant one year later on follow up with gross blood in his urine. The Defendant treated the prostate, but ignored the bladder over the course of the next six months.  Plaintiff sought a second opinion and was diagnosed with a huge bladder tumor.

Eventually, his bladder was removed and he was left with a stoma and an external pouch for urine retention.

**Jury Verdict:   $300,000**

1997   <u>**John Doe v. ABC Hospital and physicians**</u>*
Plaintiff was admitted to the hospital emergency room with complaints of stomach pains.  He was diagnosed with gall stones and stabilized.  Two days later, the treating surgeon recommended gall bladder surgery.  Plaintiff was not a candidate for a surgical procedure because of other health concerns including hypertension, cardiomegaly, sleep apnea, morbid obesity and a history of psychiatric treatment.  The patient underwent the procedure and during the reversal from anesthesia, he suffered a hypoxic injury leaving him in a comatose state.

**Settlement:      $3,200,000**

**\* co-counsel:   The Keenan Law Firm**

**JUSTIN F. MADDEN, ESQ.**
**LANDSKRONER • GRIECO• MADDEN, LTD.**
**1360 West Ninth Street, Suite 200**
**Cleveland, Ohio  44113-1254**
**justin@lgmlegal.com**

## CURRICULUM VITAE

- *Partner* with **Landskroner • Grieco • Madden, Ltd.** (May 2004 to Present)

    **Areas of Practice Include:**

    > Class Action, Medical Malpractice, Premise Liability, Products Liability, Personal Injury, Airline, Maritime Law, Railroad, Motor Vehicle, Accident, Employment, Lemon Law, Predatory Lending and Foreclosure Defense, Elder Law, Stockbroker Malpractice, FELA, and Business Litigation

- *Former Partner* with **Spangenberg, Shibley & Liber LLP** (August 1993 to May 2004)

    **Areas of Practice Include:**

    > Class Action, Consumer Fraud, Securities Fraud, Business Disputes and Litigation, Medical Malpractice, Premise Liability, Products Liability, Personal Injury, Airline, Maritime Law, Railroad, Motor Vehicle Accident, Employment Discrimination and Lemon Law

- *Former Law Clerk* for the **Allen County Common Pleas Court, the Honorable Richard K. Warren**

- J.D. magna cum laude from **Ohio Northern University** (1993)

- *Member* Phi Kappa Phi Honor Society & Willis Society (Top 10%)

- B.A. from **St. Lawrence University** (1987)


## PROFESSIONAL MEMBERSHIPS

- *Past President*, **Cuyahoga County Bar Association**
- *Past Chair*, **Cuyahoga County Bar Association Young Lawyers Section, Grievance Committee**
- *Member*, **Geauga County Bar Association**
- *Member*, **Ohio State Bar Association**
- *Fellow*, **American Bar Association**
- *Member*, **The Association of Trial Lawyers**
- *Member*, **Ohio Academy of Trial Lawyers**
- *Member*, **Cleveland Academy of Trial Attorneys**
- *Past Chair*, **St. Ann Church Finance Council**
- **USA Hockey Master Level 5 Certified Hockey Coach**

## PUBLISHED OPINIONS OF SIGNIFICANCE

•   *Kala v. Aluminum Smelting & Refining Company, Inc.*, 81 Ohio St.3d 1, 688 N.E.2d 258, 1998-Ohio- 439

•   *Devine v. Blanchard Valley Medical Associates, Inc.*, Case No. 1998 CV 00099, Hancock Cty. Court of Common Pleas

## PUBLICATIONS AND LECTURES

•   "Bridge the Gap" Seminar, Cuyahoga County Bar Assn., Annual CLE Program
•   "Plaintiff Personal Injury Practice," NBI CLE Program 2006
•   Ohio Academy of Trial Lawyers Regional Seminar Series
•   "Settlement Tactics in Plaintiff Personal Injury Cases"
•   "Plaintiff Litigation in 2007," NBI Seminar 2007
•   "Trial Tactics," NBI Seminar 2007
•   Co-Chair, Plaintiff's Medical Malpractice Conference, Cleveland, Fall 2007 on behalf of
        Ohio Association for Justice
•   "Navigating the Appeals Process," NBI Seminar 2008

## BIOGRAPHICAL NARRATIVE

Mr. Madden obtained a Bachelor of Arts degree in Government Studies from St. Lawrence University in 1987, where he was a Dean's List student. He was also a member of the St. Lawrence University Hockey Program. Between 1987 and 1990, he worked for a lumber wholesale firm in Watertown, New York, and was also the head coach of the Watertown High School Varsity Hockey Team.

Mr. Madden is a 1993 graduate of the Ohio Northern University College of Law where he graduated 5th in his class of 164 students. While in law school, Mr. Madden clerked for the Allen County Common Pleas Court, under the Honorable Richard K. Warren. Upon graduation, Mr. Madden obtained membership in the Phi Kappa Phi Honor Society and also in the Willis Society, which recognizes those law school graduates who finish in the top 10% of their class.

Upon graduating Ohio Northern Law School, Mr. Madden took a position in the law firm of Spangenberg, Shibley & Liber LLP, where he worked for 11 years, becoming a partner in 2002. In 2004, Mr. Madden joined Landskroner • Grieco • Madden, Ltd., as a named partner, where he continues to focus his practice on Plaintiff's litigation, including cases involving motor vehicle accidents, premise liability cases, medical malpractice, product liability incidents, lemon law, class actions, and other commercial matters. Mr. Madden has successfully represented several small business owners in business litigation. He is licensed to practice law in the state of Ohio, and is authorized to practice before the United States District Court for the Northern District of Ohio, the United States Court of Appeals – Sixth Circuit, and the United States Supreme Court. He has argued cases successfully before the Ohio Supreme Court.

Mr. Madden is also a past President of the Cuyahoga County Bar Association. He is also a member of the Grievance Committee. He is the past Section Chair of the Young Lawyers' Group and the former Chair of the Budget Committee. He is a frequent speaker in Plaintiff's litigation seminars, on a variety of topics. Mr. Madden is also a member of the American Trial Lawyers Association, the Ohio Academy of Trial Lawyers, the Cleveland Academy of Trial Attorneys, the Ohio State Bar Association, and the American Bar Association. He is married to Anita Madden, and has four

children:  Connor, Brendan, Molly, and Kelley.  Mr. Madden is also active in Cleveland hockey.  He coaches several teams, including the 1993 Cleveland Barons, the West Geauga High School Varsity team, and is certified as a Master Level V coach by USA Hockey.  He is also a coach of the West Geauga High School Varsity Lacrosse team.

## RECENT SUCCESSES IN LITIGATION

### 2007    Sailor vs. Employer

Settlement of $1.25 million for a maritime employee w ho was injured while working aboard ship.

### 2007    Industrial Workers Burned

Obtained $830,000 settlement for three metal workers who were burned in an industrial explosion.

### 2007    Motorist vs. Inattentive Motorist

Helped an injured motorist recover more than $100,000 for injuries suffered where other driver ran a stop sign.

### 2007    Widow vs. Employee Benefit Ins. Co.

Forced an international insurance company to pay employee death benefit to a widow where company initially denied coverage.

### 2006    Patient vs. Moonlighting Doctor

Medical malpractice trial verdict of $2.3 million for family of a man who received negligent emergency room care by an anesthesiologist moonlighting as an emergency room physician.

### 2006    Woman vs. Surgeon

Settled a medical malpractice case during trial for nearly $1 million dollars where surgeon left foreign object in patient's body and it had to be removed.

### 2006    Patient vs. Hospital

Settled a medical malpractice case for $150,000, where a surgical team left a foreign object, namely, a surgical sponge, in the patient's abdomen for over six months, and required surgery to remove.

### 2006    Investor vs. Stockbroker

Settled a retired investor's claim against a broker for stockbroker malpractice and recovered nearly $250,000 of lost retirement funds.

**006**  **Patients vs. Pharmacies**

Settled two separate cases involving pharmaceutical malpractice where two drug stores were found to have committed prescription mis-fills, which caused serious injuries to the patients. One case settled for nearly $200,000 and the other settled for $60,000.

**2006**  **Victim vs. Drunk Driver**

Recovered $80,000 for a victim of a drunk driver who forced the victim's car off the highway and then tried to escape.

**2005**  **Small Business Owner vs. Service Provider**

Business litigation trial verdict in defense of small business owner who was sued by an unscrupulous service provider and recovered attorneys' fees and costs for the small business owner.

**2005**  **Hunting Negligence**

Settled a hunting negligence case for $150,000, where hunter was shot and slightly injured by a fellow hunter.

**2005**  **Trial Settlement of Medical Malpractice**

Case for nearly $500,000, where patient died following surgery because a major artery was lacerated by surgical team.

**2005**  **Nursing Home Negligence**

Settled a nursing home negligence claim where elderly patient was dropped during an improper bed transfer and family received $160,000.

**2005**  **Podiatry Negligence**

Settled a podiatry malpractice claim for a Cleveland woman who suffered a negligent bunion surgery.

**2004**  **Motor Vehicle Accident**

Settled a motor vehicle accident case where college students were joyriding in a pickup truck and one student was thrown and killed. Case settled in excess of $500,000.

**REBECCA J. CASTELL, ESQ.**
**LANDSKRONER - GRIECO - MADDEN, Ltd.**
**1360 West 9th Street, Suite 200**
**Cleveland, Ohio  44113-1254**
**rebecca@lgmlegal.com**

## CURRICULUM VITAE

## PERSONAL

Born April 29, 1975 in Milwaukee, WI
2003:   Admitted to the Ohio Bar
2004:   Admitted to the Northern District of Ohio Federal Trial Bar

## EDUCATION

1993 Graduate of Notre Dame-Cathedral Latin
1997  B.A., The Ohio State University (Psychology)
2003  J.D., Cleveland Marshall College of Law

## EMPLOYMENT

2005-Present: Associate, Landskroner-Grieco-Madden, Ltd.
Trial lawyer practicing in civil litigation; personal injury, medical malpractice, class action litigation as well as business matters, including real estate and corporate law.

2003-2004: General Counsel, Bahman Guyuron, M.D., Inc.
2002-2003: Law Clerk, Spangenberg, Shibley & Liber, L.P.A.

## PROFESSIONAL MEMBERSHIPS

Cuyahoga County Bar Association
Geauga County Bar Association
Lake County Bar Association
Ohio Academy of Trial Lawyers
Ohio Women's Bar Association

## LECTURER/COMMENTATOR

Ohio Academy of Trial Lawyers(OATL): "Insurance Bad Faith" (2006)

## PUBLICATIONS

Cleveland Academy of Trial Attorneys: News: "Bad Faith Insurance Practices"
        (Summer 2006), Co-author Jack Landskroner

## NON-PROFESSIONAL MEMBERSHIPS

Cleveland Professional Twenty-Thirty Club, Member of Networking Committee
Rotsky Foundation for Mentors
United States Eventing Association
Alpha Omicron Pi Fraternity

**LAW OFFICES OF THOMAS G. AMON**
250 West 57th Street, Suite 1316
New York, NY 10107
Tel: 212-810-2430
Fax: 212-810-2427

## ABOUT THE FIRM

## LEGAL EXCELLENCE, DEDICATION TO CLIENTS, COMMITMENT TO PUBLIC SERVICE

Today, businesses face greater scrutiny and more "bet the company" issues than ever before. With a practice that offers unparalleled representation across a comprehensive range of practice areas, we have the ability to anticipate obstacles, seize opportunities and get the case resolved or the deal done—and the experience and know-how to prevent it from being undone.

Our firm, the Law Offices of Thomas G. Amon (**"AmonLaw"**) was formed in 2004 as a venture law/litigation boutique. To each practice, we bring outstanding reputations for quality, excellence and service to clients.

Our firm fosters a collaborative culture that allows each lawyer to draw freely on the expertise and time of others to serve any client. We balance our proud heritage and thorough understanding of the law with an innovative and entrepreneurial spirit. Our practice is constantly evolving in response to our clients' needs, the demands of the market and the emergence of new technologies.

We have a rich heritage of commitment to public service and the causes of justice and fairness.

Most importantly, our firm stands for a steadfast commitment to the highest standards in everything we do—a commitment reflected in the continued success of our clients across the globe.

**LAW OFFICES OF THOMAS G. AMON**
250 West 57th Street, Suite 1316
New York, NY 10107
Tel: 212-810-2430
Fax: 212-810-2427

## PRINCIPAL ATTORNEYS

**Thomas G. Amon**, senior partner, formerly partner Sokolow, Dunaud, Mercadier & Carreras.  Harvard College and University of Virginia School of Law.  Practice areas: Mass tort, product liability, oil and gas securities fraud, shareholder derivative cases and general commercial. Representative clients: Exxon-Mobil, Westinghouse Electric, and San Paolo Imi Bank.  Over thirty years experience in all State and Federal Courts.

**Mark J. Lawless**, formerly counsel Prentice Hall Corporation and Simon and Schuster; Fordham College and Columbia University School of Law; Practice areas: copyright, publishing, arbitration, employment law, shareholder class actions and derivative actions, general commercial; representative clients: Simon & Schuster, WRC Media Group, Hachette Publishing. Over thirty years litigation experience in all State and Federal Courts.

**Harry H. Wise**, formerly partner, Gadsby & Hannah, Boston, Massachusetts.  Yale University and Boston College School of Law; Practice areas: media and libel, oil and gas securities fraud, contracts, international arbitration, shareholder class actions and derivative actions and general commercial; representative clients:  Raytheon Corporation, Navistar, Exxon-Mobil, Diamond Shamrock, Daily News.  Over thirty years experience in all State and Federal Courts.

**Michael Gold**, formerly assistant United States Attorney, E.D.NY. Brandeis University, Brooklyn Law School; Practice areas: white color criminal law, including money laundering, civil and criminal Rico, bank fraud and securities fraud, shareholder class actions and derivative actions. Over twenty years as criminal defense trial attorney.

**LAW OFFICES OF THOMAS G. AMON**
250 West 57th Street, Suite 1316
New York, NY 10107
Tel: 212-810-2430
Fax: 212-810-2427

**Primary Practice Area**

**Venture Law Group**

AmonLaw has established one of the premier emerging technology practices in the country. We combine senior-level counseling and extensive industry knowledge to help emerging technology companies grow and prosper. We work in partnership with clients to build and represent deal-intensive emerging growth companies, both public and private, as well as with the venture capital and investment banking firms that support them.

We provide emerging companies with focused business and legal advice from incorporation through initial public offering, merger and beyond. We concentrate on general corporate counseling, venture financings, public offerings, mergers and acquisitions, intellectual property, technology transactions, employment, executive compensation and tax. We possess relationships with the nation's leading institutional, seed and angel venture capital investors and are among the leaders in structuring and negotiating venture capital financings. We play an active role in bringing together entrepreneurs and investors.

**LAW OFFICES OF THOMAS G. AMON**
250 West 57th Street, Suite 1316
New York, NY 10107
Tel: 212-810-2430
Fax: 212-810-2427

**Primary Practice Areas**

**Broadcasting (Mass Media)**

AmonLaw has extensive experience in advising its commercial and non-profit educational broadcast clients on all facets of regulatory compliance, policy, and transactional matters, and the practical commercial and business issues attendant to them. Our clients in this area include major radio and television station group owners, national and international television and cable television programming networks and producers, various individual, minority and women station owners, venture capital/ private equity firms, and financial institutions with media-related interests.

Our day-to-day counseling goes beyond traditional FCC matters to include many aspects of a station's business and operations and the development of business structures appropriate for our clients' objectives. We also prepare talent, programming, and contest/event agreements, in addition to sports rights and syndication agreements. Our attorneys review advertising copy and promotional materials for state and federal compliance. We regularly counsel our broadcast clients on labor and employment matters, and the preparation of personal service agreements.

**Entertainment and Media**

AmonLaw's Media Group has substantial experience in entertainment, telecommunications, corporate finance, mergers and acquisitions, trademark and copyright and litigation and dispute resolution. We represent clients in contract negotiations, acquisitions, financings, copyright, trademark and licensing matters, international co-productions ventures, venture capital transactions, public and private offerings, guild arbitrations and other labor matters. Our clients include television and radio stations, television production companies, record companies, motion picture production companies, lenders to the industry, talent agencies, screenwriters, actors, directors, writers, publishers, cartoonists, new media and software developers.

**LAW OFFICES OF THOMAS G. AMON**
250 West 57th Street, Suite 1316
New York, NY 10107
Tel: 212-810-2430
Fax: 212-810-2427

## Primary Practice Areas

### Litigation – General

AmonLaw represents clients in complex civil and criminal litigation, corporate investigations, class actions and stockholders derivative cases and domestic and international arbitrations. Our lawyers receive national and international recognition as top-rated practitioners. With a strong record of success as both trial and appellate lawyers, we have the experience and skill to execute a winning strategy from the outset of a case. We have extensive experience in the defense of toxic tort class actions and multi-district litigation.

Clients retain us not only for our litigation skill, but also because of our understanding of their industries and business goals, our knowledge of the regulatory and political environments in which they operate, and our experience in the technical and scientific disciplines at the core of many of their operations.

### Securities Litigation

AmonLaw, in conjunction with leading national class action litigation firms, has a history of asserting the rights of investors in companies whose management violates the securities laws, or fiduciary or state statutory duties. The firm achieves this primarily through class action and derivative lawsuits.

The Firm's experience in class action securities litigation, in particular, **securities fraud claims** arising under the federal securities laws and regulations, including the Private Securities Litigation Reform Act of 1995 ("PSLRA"), is particularly extensive. The Firm, in conjunction with affiliated counsel, has recouped millions of dollars on behalf of classes of investors who purchased stock at prices artificially inflated by the defendants' material misstatements or omissions.

AmonLaw also has extensive experience litigating **shareholder derivative actions**, where shareholders bring actions on behalf of the corporation against persons who have harmed the corporation. For example, shareholders might claim that the officers and directors of a company breached their fiduciary duties to the company or its

shareholders by engaging in "self-dealing," or arranging a corporation's affairs in ways that benefit an officer and his friends at the expense of the corporation. AmonLaw was named Co-Lead Counsel in the case of Thomas Huston, Derivatively on Behalf of DHB Industries, Inc. v. David H. Brooks, Sandra L. Hatfield, Dawn M. Schlegel, Jerome Krantz, Gary Nadelman, Cary Chasin, Barry Berkman and Larry Ellis and DHB Industries, Inc. as Nominal Defendant, Case No. 05-CV-4529(JS) U.S. District Court. E.D.N.Y. and Liaison Counsel in the case of Carolyn Phillips, Derivatively On Behalf of First BanCorp v Angel Alvarez-Perez, Annie Astor-Carbonell, Aurelio Aleman, Jose Julian Alvarez-Bracero, Jose Luis Ferrer-Canals, Sharee Ann Umpierre-Catinchi, Richard Reiss-Huyke, Jorge L. Diaz, Jose Teixidor-Mendez and Jose Menendez-Cortada and First BanCorp, as Nominal Defendant, Case No. 05-CV-10244(VA/JSR), U.S. District Court S.D.N.Y. Most recently, AmonLaw is Co-Lead Counsel in In Re Symbol Technologies Derivative Litigation, File No: 2:05-CV-04536-DRH-WDW, U.S. District Court. E.D.N.Y.

Finally, AmonLaw has an established practice defending the interests of shareholders of corporations involved in **mergers or acquisitions**. In such situations, a corporation's officers and directors are required by law to maximize the value of the shareholders' investments.

**LAW OFFICES OF THOMAS G. AMON**
250 West 57th Street, Suite 1316
New York, NY 10107
Tel: 212-810-2430
Fax: 212-810-2427

**White Collar Criminal Defense**

AmonLaw offers a complete range of white collar criminal defense services, from conducting internal corporate investigations, to defending corporations and individuals in grand jury (and related administrative) investigations and trials. We respond to allegations ranging from securities fraud to healthcare fraud and from customs violations and money laundering to antitrust violations. Our U.S. and international client base includes employees, chief executive officers, professional firms and corporations from a variety of industries. Each potential criminal case is unique and must be handled with the highest degree of care. The best result for a client who is the subject of an investigation is to avoid being charged at all, and we aggressively seek this result whenever possible. If a case does go to trial, we have the dedication, resources, skill and experience to provide the best defense. We also have achieved considerable success in handling the civil and administrative litigation that often accompanies criminal investigations, such as qui tam cases, SEC investigations and civil securities fraud litigation.

- 7 -

**LAW OFFICES OF THOMAS G. AMON**
250 West 57th Street, Suite 1316
New York, NY 10107
Tel: 212-810-2430
Fax: 212-810-2427

## Securities

We assist clients in raising capital through a wide range of public equity and debt financings. These financings include both IPOs and additional offerings for a broad range of businesses, including financial services, retail, manufacturing, mining, natural resources, biotechnology, pharmaceuticals, film and television production and distribution, insurance, real estate, computer software and other technology, mutual fund management, and communications. Our practice includes a broad range of offering structures, from the "plain vanilla" to the novel and complex, in both domestic and international markets. We have worked with most major Canadian and U.S. underwriter and have acted on many cross-border and international offerings. This experience allows us to counsel public companies on regulatory compliance and risk and assist them if offenses occur.

AmonLaw has a preeminent international securities law practice. Considering our size, our practice is extremely diverse. We also offer sophisticated regulatory compliance advice and corporate governance counseling to companies and other financial market participants in the United States and Europe, and are highly regarded for our representation of investment management and broker-dealer businesses.

## Corporate Finance

Our corporate finance practice encompasses traditional and innovative financing transactions in both domestic and international capital markets. Our clients include major corporations and entrepreneurial and growth-oriented companies in all major industrial sectors, including technology, e-commerce and telecommunications; investment funds; major U.S., Canadian and foreign investors; commercial and merchant banking groups; and major insurance companies and other financial institutions.

We are regularly involved in public and private debt and equity financings, project financing, secured lending, and securitization and private equity transactions.

- 8 -

**LAW OFFICES OF THOMAS G. AMON**
250 West 57th Street, Suite 1316
New York, NY 10107
Tel: 212-810-2430
Fax: 212-810-2427

**Intellectual Property**

Our intellectual property (IP) practice provides comprehensive solutions to the intellectual property business challenges that face companies at all stages of growth. Clients turn to us because we combine the specialized legal and technical skills normally associated with boutique intellectual property firms, with the broad business and litigation capabilities of a major general practice firm. Like similar boutique firms, we counsel inventors, R&D teams and management on trademark, copyright and trade secret protection, and IP portfolio development. Unlike most IP practices, however, we also offer interdisciplinary experience in technology transfer and licensing, litigation, sponsored and collaborative research agreements, and IP-related due diligence because we understand how IP relates to your company's business. We work closely with affiliated firms who draft and prosecute patent applications.

We also are uniquely positioned to counsel clients on their business and legal IP strategies, analyzing the value of existing IP portfolios and tailoring these portfolios to match the client's business needs. This often includes targeting future technological areas of interest, protecting existing areas from competitors and preparing for market changes.

**LAW OFFICES OF THOMAS G. AMON**
250 West 57th Street, Suite 1316
New York, NY 10107
Tel: 212-810-2430
Fax: 212-810-2427

## Corporate

We have been recognized for our preeminence in the representation of technology companies in the U.S. and Europe. Our corporate lawyers are well known for their work in initial public offerings, venture capital, private equity, mergers and acquisitions, strategic alliances, corporate governance matters and the representation of start-up companies.

Our business lawyers draw on the resources of our intellectual property, tax, labor and employment, employee benefits, real estate, bankruptcy and litigation practices to provide a one-stop solution to our corporate clients.

Our corporate lawyers service a diverse range of clients, from public and private companies to families and individual entrepreneurs.

## Financial Institutions

Clients look to us for assistance with complex, challenging federal regulatory and legislative, litigation, enforcement, and business transaction matters that impact them as banks, broker dealers, mortgage lenders, database operators, on-line firms, and other financial services providers. We have extensive experience in particular areas including commercial financial services, privacy and information security, international banking, and anti-money laundering matters. Our lawyers, in conjunction with affiliated partners, remain at the forefront of complex issues that impact financial institutions and providers of financial services here and worldwide.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

| | |
|---|---|
| JEFFREY HARRIS, Derivatively On Behalf of CITIGROUP, INC., | : Case No. 07-cv-9841 (SHS) |
| Plaintiff, | : |
| vs. | : |
| CHARLES PRINCE, ET AL., | : |
| Defendants, | : |
| -and- | : |
| CITIGROUP, INC., a Delaware corporation, | : |
| Nominal Defendant. | : |

| | |
|---|---|
| GARY CINOTTO, Derivatively On Behalf of CITIGROUP, INC., | : Case No. 07-cv-9900 (SHS) |
| Plaintiff, | : |
| vs. | : |
| CHARLES PRINCE, ET AL., | : |
| Defendants, | : |
| -and- | : |
| CITIGROUP, INC., a Delaware corporation, | : |
| Nominal Defendant. | : |

| | |
|---|---|
| BENJAMIN NATHANSON, Derivatively On Behalf of CITIGROUP, INC., | : Case No. 07-cv-10333 (SHS) |
| Plaintiff, | : |
| vs. | : |
| CHARLES PRINCE, ET AL., | : |
| Defendants, | : |
| -and- | : |
| CITIGROUP, INC., a Delaware corporation, | : |
| Nominal Defendant. | : |

| | |
|---|---|
| SAM COHEN, Derivatively On Behalf of CITIGROUP, INC., | : Case No. 07-cv-10344 (SHS) |
| Plaintiff, | : |
| vs. | : |
| CITIGROUP, INC., ET AL., | : |
| Defendants. | : |

| | |
|---|---|
| WALTER E. RYAN, JR., derivatively on behalf of CITIGROUP, INC., | : Case No. 07-cv-11581 (UA) |
| Plaintiff, | : |
| vs. | : |
| CHARLES PRINCE, ET AL., | : |
| Defendants, | : |
| -and- | : |
| CITIGROUP, INC., a Delaware Corporation, | : |
| Nominal Defendant. | : |

-----------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BENJAMIN NATHANSON'S MOTION TO CONSOLIDATE RELATED ACTIONS AND FOR LEADERSHIP STRUCTURE FOR PLAINTIFFS

## I.    INTRODUCTION

Plaintiff Benjamin Nathanson ("Nathanson") filed his shareholder derivative action on behalf of Citigroup, Inc. ("Citigroup") in this Court, which is among five related actions on behalf of Citigroup currently pending in this Court. As explained herein, Nathanson believes consolidation of all the related actions is appropriate and respectfully requests this Court grant his Motion to Consolidate All Related Shareholder Derivative Actions and Appoint a Leadership Structure for Plaintiffs.

Pursuant to Federal Rules of Civil Procedure Rule 42(a), Nathanson seeks to consolidate the above-captioned shareholder derivative actions and all later-filed related shareholder derivative actions involving nominal defendant Citigroup currently pending in the Southern District of New York.

The shareholder derivative actions (the "Derivative Actions") name substantially similar defendants and contain substantially similar allegations and causes of action.  Each complaint alleges that defendants breached their fiduciary duties to Citigroup which have caused substantial losses to Citigroup and other damages such as to its reputation and goodwill.  Each complaint seeks to recover these losses on behalf of Citigroup.

Nathanson requests that this Court enter his [Proposed] Order: (1) consolidating the Derivative Actions; (2) appointing Landskroner Grieco Madden, Ltd. as Lead Counsel for Plaintiffs; and (3) the Law Offices of Thomas G. Amon (the "Amon Firm") as Liaison Counsel for Plaintiffs to manage the pending and any later-filed Derivative Actions.

## II.    ARGUMENT

### A.    Consolidating All Related Actions And Appointing a Leadership Structure Will Promote Judicial Economy

Federal Rules of Civil Procedure Rule 42(a) provides that consolidation is appropriate "when actions before the court involve a common question of law or fact ... to avoid

unnecessary costs or delay." *See also Ovadia v. Top Ten Jewelry Corp.*, No. 04CIV2690RJHMHD, 2005 WL 1337792, at \*1 (S.D.N.Y. June 06, 2005). Consolidation benefits both the court and the parties by expediting pretrial proceedings, avoiding duplication, avoiding harassment of parties and witnesses and minimizing the expenditure of time and money by all persons concerned. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *cert denied*, 460 U.S. 1102 (1983)).

Here, Nathanson agrees with the arguments put forth in the Motions for Consolidation filed by plaintiffs Jeffrey Harris and Walter Ryan that consolidation is necessary and appropriate and will serve to promote an efficient litigation. Not only does each action name identical defendants, but each also alleges that defendants breached their fiduciary duties to Citigroup. Under these circumstances, consolidation is proper.

Likewise, Nathanson also agrees with Plaintiffs Harris and Ryan that this Court should appoint a plaintiff leadership structure to best manage the prosecution of this complex case. *In re Benedectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988).

**B.    The Court Should Select Nathanson's Proposed Leadership Structure**

The [Proposed] Order submitted by Nathanson would appoint Jack Landskroner of Landskroner Grieco Madden, Ltd. as Lead Counsel for Plaintiffs and the Amon Firm as Liaison Counsel. Appointment of this proposed plaintiffs' leadership structure will serve to efficiently coordinate all plaintiffs' common interests in prosecuting the Related Actions, while streamlining the proceedings and avoiding duplicative and unproductive effort. Nathanson's proposed plaintiffs' Lead and Liaison Counsel are highly competent and have extensive trial and complex litigation experience, including the prosecution and trial of shareholder derivative actions. In short, these attorneys have a proven record of providing skilled and efficient case management in complex actions of this nature. *See* Firm Resumes, attached as Ex. A and B to the Declaration of

-2-

Thomas G. Amon in Support of Plaintiff Benjamin Nathanson's Motion to Consolidate All Related Shareholder Derivative Actions and Appoint a Leadership Structure for Plaintiffs.

Specifically, Jack Landskroner and Landskroner Grieco Madden, Ltd. have extensive experience in litigating complex shareholder derivative actions. *Id.*, ¶3. Mr. Landskroner has extensive experience in complex litigation including class action cases, securities arbitration cases, consumer fraud cases, and shareholder derivative cases. *Id.* Mr. Landskroner's expertise has been recognized on numerous occasions by courts who have appointed him to leadership positions charged with prosecuting complex litigations on behalf of plaintiffs. *Id.* In short, Mr. Landskroner is more than qualified to lead this litigation.

The Amon Firm is a New York-based law firm representing companies, executives and shareholders in litigation and corporate transactions. *Id.*, ¶5. The firm has extensive experience in the federal courts in New York with a thorough knowledge of this Court's local rules. The Amon Firm was appointed as Liaison Counsel in this District in *Carolyn Phillips, derivatively on behalf of First BanCorp v. Angel Alvarez-Perez et al.,* Case No. 05-CV-10244(VA/JSR) (S.D.N.Y.). In short, the lawyers of the Amon Firm are more than qualified to serve as liaison counsel in this litigation.

Nathanson and his counsel have worked cooperatively in developing the allegations in his complaint. He is a Citigroup shareholder, interested in pursuing this litigation and is willing to serve as Lead Plaintiff. They are therefore qualified to lead the related derivative Actions.

## III.    CONCLUSION

The Court's duty is to appoint a leadership structure for plaintiffs that will effectively and efficiently litigate this action. In the interests of judicial economy and for the reasons set forth above, Nathanson respectfully requests that the Court order consolidation of all present and subsequently filed Derivative Actions, appoint the proposed leadership structure of plaintiffs' counsel and enter [Proposed] Order filed concurrently herewith. The [Proposed] Order appoints

a leadership structure of Jack Landskroner of Landskroner Grieco Madden, Ltd. as Lead Counsel for Plaintiffs and the Law Office of Thomas G. Amon, as Liaison Counsel and gives them authority to efficiently manage this complex action on behalf of all plaintiffs.

DATED:  January 28, 2008

Respectfully submitted,

LAW OFFICES OF THOMAS G. AMON

THOMAS G. AMON (TGA-1515)

250 West 57th Street, Suite 1316
New York, NY 10107
Telephone: (212) 810-2430
Facsimile: (212) 810-2427

LANDSKRONER GRIECO MADDEN, LTD.
JACK LANDSKRONER
1360 West 9th Street, Suite 200
Cleveland, OH 44113
Telephone: (216) 522-9000
Facsimile: (216) 522-9007

Attorneys for Plaintiff

315948_3.DOC

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JEFFREY HARRIS, Derivatively On Behalf of CITIGROUP, INC.,

                 Plaintiff,

   vs.

CHARLES PRINCE, ET AL.,

                 Defendants,

   -and-

CITIGROUP, INC., a Delaware corporation,

              Nominal Defendant.

: Case No. 07-cv-9841 (SHS)

GARY CINOTTO, Derivatively On Behalf of CITIGROUP, INC.,

                 Plaintiff,

   vs.

CHARLES PRINCE, ET AL.,

                 Defendants,

   -and-

CITIGROUP, INC., a Delaware corporation,

       Nominal Defendant.

: Case No. 07-cv-9900 (SHS)

BENJAMIN NATHANSON, Derivatively On Behalf of CITIGROUP, INC.,

                 Plaintiff,

   vs.

CHARLES PRINCE, ET AL.,

                 Defendants,

   -and-

CITIGROUP, INC., a Delaware corporation,

       Nominal Defendant.

: Case No. 07-cv-10333 (SHS)

| | | |
|---|---|---|
| SAM COHEN, Derivatively On Behalf of CITIGROUP, INC., | : | Case No. 07-cv-10344 (SHS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CITIGROUP, INC., ET AL., | : | |
| | : | |
| Defendants. | : | |
| WALTER E. RYAN, JR., derivatively on behalf of CITIGROUP, INC., | : | Case No. 07-cv-11581 (UA) |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CHARLES PRINCE, ET AL., | : | |
| | : | |
| Defendants, | : | |
| | : | |
| -and- | : | |
| | : | |
| CITIGROUP, INC., a Delaware Corporation, | : | |
| | : | |
| Nominal Defendant. | : | |

-----------------------------------------------------------X

## [PROPOSED] ORDER GRANTING PLAINTIFF BENJAMIN NATHANSON'S MOTION TO CONSOLIDATE ALL RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT A LEADERSHIP STRUCTURE FOR PLAINTIFFS

Plaintiff Benjamin Nathanson's Motion to Consolidate All Related Shareholder Derivative Actions and Appoint a Leadership Structure for Plaintiffs (the "Motion") came on regularly before the Court, and the Court, having considered the Motion together with all papers on file, hereby orders as follows:

1.    The Motion is GRANTED;

2.    The following actions are hereby related and consolidated for all purposes, including pre-trial proceedings and trial, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure:

- 1 -

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Harris v. Prince, et al.* | 07-CV-9841 (SHS) | November 7, 2007 |
| *Cinotto v. Prince, et al.* | 07-CV-9900 (SHS) | November 8, 2007 |
| *Nathanson v. Prince, et al.* | 07-CV-10333 (SHS) | November 14, 2007 |
| *Cohen v. Citigroup, Inc., et al.* | 07-CV-10344 (SHS) | November 15, 2007 |
| *Ryan v. Prince, et al.* | 07-CV-11581 (UA) | December 26, 2007 |

3.      Any other actions now pending or hereafter filed in or transferred to this Court which arise out of the same facts as alleged in the above-identified cases shall be consolidated for all purposes if and when they are brought to the Court's attention.

4.      Every pleading filed in this consolidated action, or in any separate action included herein, shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CITIGROUP, INC. DERIVATIVE LITIGATION | ) Lead Case No. 07-CV-9841 (SHS) |
| | ) |
| | ) (Derivative Action) |
| ———————————————————— | ) |
| This Document Relates To: | ) |
| | ) |
| ALL ACTIONS. | ) |

5.      The files of this consolidated action shall be maintained in one file under Lead Case No. 07-CV-9841 (SHS).

6.      Plaintiffs shall file a Consolidated Complaint ("Complaint") no later than 60 days from the date of entry of this Order, unless otherwise agreed between the parties and approved by the Court, which shall be deemed the operative complaint, superseding all complaints filed in any of the actions consolidated hereunder.

7.      Lead Plaintiff for this consolidated action is Benjamin Nathanson.

8.      Lead Counsel for plaintiffs for the conduct of these consolidated actions is:

- 2 -

JACK LANDSKRONER
LANDSKRONER GRIECO, LTD
1360 West 9th, Suite 200
Cleveland, OH 44113
Telephone: (216) 522-9000
Facsimile: (216) 522-9007

9.      Plaintiffs' Lead Counsel shall have authority to speak for plaintiffs in matters regarding pre-trial procedure, trial and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

10.     Plaintiffs' Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of plaintiffs and for the dissemination of notices and orders of this Court. No motion, request for discovery or other pre-trial or trial proceedings shall be initiated or filed by any plaintiffs except through plaintiffs' Lead Counsel.

11.     The Liaison Counsel for plaintiffs for the conduct of these consolidated actions is:

THOMAS G. AMON
LAW OFFICES OF THOMAS G. AMON
250 West 57th Street, Suite 1316
New York, NY 10107
Telephone: (212) 810-2430
Facsimile:  (212) 810-2427

12.     Plaintiffs' Liaison Counsel shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel.  Plaintiffs' Liaison Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel.

13.     Defendants' counsel may rely upon all agreements made with plaintiffs' Lead Counsel, or other duly authorized representative of plaintiffs' Lead Counsel, and such agreements shall be binding on plaintiffs.

14.     This Order shall apply to each case, arising out of the same or substantially the same transactions or events as these cases, which is subsequently filed in, removed to or transferred to this Court.

15.    When a case which properly belongs as part of the *In re Citigroup Inc. Derivative Litigation*, Lead Case No. 07-CV-9841 (SHS), is hereafter filed in the Court or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing or transfer of any case which might properly be consolidated as part of *In re Citigroup Inc. Derivative Litigation*, Lead Case No. 07-CV-9841 (SHS), and counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order.

\* \* \*

## ORDER

IT IS SO ORDERED.

_____          _____
DATED                                                    HONORABLE SIDNEY H. STEIN

Submitted by:

LAW OFFICES OF THOMAS G. AMON

_____
THOMAS G. AMON (TGA-1515)
250 West 57th Street, Suite 1316
New York, NY 10107
Telephone: (212) 810-2430
Facsimile: (212) 810-2427

LANDSKRONER GRIECO, LTD
JACK LANDSKRONER
1360 West 9th, Suite 200
Cleveland, OH 44113
Telephone: (216) 522-9000
Facsimile: (216) 522-9007

Attorneys for Plaintiff

316065_1