UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
| | |
|---|---|
| JEFFREY HARRIS, Derivatively On Behalf of CITIGROUP, INC., | : Case No. 07-cv-9841 (SHS) |
| Plaintiff, | : |
| vs. | : |
| CHARLES PRINCE, ET AL., | : |
| Defendants, | : |
| -and- | : |
| CITIGROUP, INC., a Delaware corporation, | : |
| Nominal Defendant. | : |
| GARY CINOTTO, Derivatively On Behalf of CITIGROUP, INC., | : Case No. 07-cv-9900 (SHS) |
| Plaintiff, | : |
| vs. | : |
| CHARLES PRINCE, ET AL., | : |
| Defendants, | : |
| -and- | : |
| CITIGROUP, INC., a Delaware corporation, | : |
| Nominal Defendant. | : |
| BENJAMIN NATHANSON, Derivatively On Behalf of CITIGROUP, INC., | : Case No. 07-cv-10333 (SHS) |
| Plaintiff, | : |
| vs. | : |
| CHARLES PRINCE, ET AL., | : |
| Defendants, | : |
| -and- | : |
| CITIGROUP, INC., a Delaware corporation, | : |
| Nominal Defendant. | : |

| | |
|---|---|
| SAM COHEN, Derivatively On Behalf of CITIGROUP, INC., | : Case No. 07-cv-10344 (SHS) |
| Plaintiff, | : |
| vs. | : |
| CITIGROUP, INC., ET AL., | : |
| Defendants. | : |
| WALTER E. RYAN, JR., derivatively on behalf of CITIGROUP, INC., | : Case No. 07-cv-11581 (SHS) |
| Plaintiff, | : |
| vs. | : |
| CHARLES PRINCE, ET AL., | : |
| Defendants, | : |
| -and- | : |
| CITIGROUP, INC., a Delaware Corporation, | : |
| Nominal Defendant. | : |

**PLAINTIFF NATHANSON'S MEMORANDUM IN SUPPORT OF CONSOLIDATION AND IN OPPOSITION TO PLAINTIFFS HARRIS, CINOTTO, COHEN AND RYAN'S <u>MOTIONS APPOINTING A LEADERSHIP STRUCTURE</u>**

I.  **INTRODUCTION**

Plaintiff Benjamin Nathanson ("Nathanson") filed his shareholder derivative action on behalf of Citigroup, Inc. ("Citigroup") in this Court, which is among five related actions filed on behalf of Citigroup currently pending in this Court. The other four related actions were filed by plaintiff Jeffrey Harris ("Harris"), plaintiff Gary Cinotto ("Cinotto"), plaintiff Sam Cohen ("Cohen"), and plaintiff Walter E. Ryan, Jr. ("Ryan") (collectively with Nathanson referred to as "Plaintiffs"), respectively.[1]

All Plaintiffs agree that the Derivative Actions should be consolidated as proposed in their respective motions to consolidate brought before this Court. However, plaintiff Nathanson opposes the leadership structures proposed individually by plaintiffs Harris, Cinotto, Cohen and Ryan.[2] Plaintiff Nathanson moved to appoint himself Lead Plaintiff, appoint Landskroner Grieco Madden, Ltd. ("Landskroner Firm") as Lead Counsel and the Law Offices of Thomas G. Amon (the "Amon Firm") as Liaison Counsel for Plaintiffs in his Memorandum of Law in Support of Plaintiff Nathanson's Motion to Consolidate Related Actions and for Leadership Structure for Plaintiffs ("Nathanson Mem."). Nathanson Mem. at 2-4. Plaintiff Harris moved to appoint the law firm of Robbins Umeda & Fink, LLP ("RUF Firm") and the Amon Firm as Co-Lead Counsel and himself as Lead Plaintiff. Harris Mem. at 5-9. Plaintiff Cinotto moved to

---

[1] The shareholder derivative actions brought by Plaintiffs will be collectively referred to as the "Derivative Actions."

[2] Plaintiff Nathanson opposes the individual leadership structure of: (i) plaintiff Harris, as described in Plaintiff Jeffrey Harris' Memorandum in Support of his Motion to Consolidate the Related Shareholder Derivative Actions and Appoint Lead Counsel for Plaintiffs ("Harris Mem."); (ii) plaintiff Cinotto, as described in the Derivative Plaintiff Cinotto's Memorandum of Law Regarding Consolidation and Appointment of a Plaintiffs' Lead Counsel Structure ("Cinotto Mem."); (iii) plaintiff Cohen, as described in the Derivative Plaintiff Cohen's Memorandum of Law Regarding Consolidation and Appointment of a Plaintiffs' Lead Counsel Structure ("Cohen Mem."); and (iv) plaintiff Ryan, as described in the Memorandum of Law in Support of Plaintiff Huston's Motion to Consolidate All Related Shareholder Derivative Actions and Appoint a Leadership Structure for Plaintiffs ("Ryan Mem.") in this one consolidated opposition in order to achieve judicial efficiency.

appoint the law firm of Johnson Bottini, LLP and the Amon Firm as Liaison Counsel and himself as Lead Plaintiff. Cinotto Mem. at 3-6. Plaintiff Cohen moved to appoint the law firm of Brower & Piven, APC and himself as Lead Plaintiff. Cohen Mem. at 4-13. Plaintiff Ryan moved to appoint himself Lead Plaintiff and appoint Krislov & Associates, Ltd as Lead Counsel and Farqui & Farqui, LLP as Liaison Counsel for Plaintiffs. Ryan Mem. at 4-8.

Plaintiff Nathanson believes his proposed leadership structure is more than adequate to lead the litigation of the Derivative Actions. Accordingly, plaintiff Nathanson respectfully requests that the Court deny the leadership structures proposed by plaintiffs Harris, Cinotto, Cohen and Ryan, and instead appoint him as Lead Plaintiff, the Landskroner Firm as Lead Counsel and the Amon Firm as Liaison Counsel for Plaintiffs.

## II. THIS COURT SHOULD APPOINT PLAINTIFF NATHANSON AS LEAD PLAINTIFF, THE LANDSKRONER FIRM AS LEAD COUNSEL AND THE AMON FIRM AS LIAISON COUNSEL FOR PLAINTIFFS

As demonstrated in his Memorandum of Law filed on January 28, 2008, plaintiff Nathanson made it clear to the Court that a leadership structure was necessary for the Plaintiffs and explained why his proposed leadership structure would provide the best leadership for the Plaintiffs. Nathanson Mem. at 2-3.

Plaintiff Nathanson acknowledges that plaintiffs Harris, Cohen, Cinotto and Ryan have also retained quality counsel and that plaintiff Harris' complaint was the first-filed. However, none of the motions for Lead Plaintiff and Lead Counsel provide for a superior leadership structure. In addition to the his expressed interest in serving as lead plaintiff, Nathanson Mem. at 3, plaintiff Nathanson's proposed Lead Counsel, the Landskroner Firm, and proposed Liaison Counsel, the Amon Firm,[3] have extensive experience and prior success in complex litigation,

---

[3] In addition to Nathanson, plaintiffs Harris and Cinotto also seek to have the Amon Firm appointed either as Co-Lead or Liaison Counsel. These applications attest to the expertise and value the Amon Firm will provide to the litigation.

- 2 -

including shareholder derivative litigation of this nature. As shown in the firm resume, attached as Exhibit A to the Declaration of Thomas G. Amon in Support of Plaintiff Benjamin Nathanson's Motion to Consolidate All Related Actions and for a Leadership Structure for Plaintiffs, and as further explained below, the Landskroner firm has performed as lead counsel in several shareholder derivative actions accross the country. Thus, the appointment of the Landskroner firm as lead counsel "will best serve the interest of the plaintiffs" and should be approved. *Horn v. Raines*, 227 F.R.D. 1, 3 (D.D.C. 2005).

### III. CONCLUSION

Based on the foregoing, plaintiff Nathanson has shown that both he and his counsel are more than qualified to lead the Derivative Actions. In addition, while plaintiff Nathanson thinks that plaintiff Harris and his counsel are more than qualified to run this action, he believes that the litigation of the present matter would best be handled in his own hands. As such, plaintiff Nathanson respectfully urges the Court to grant his motion and approve his proposed leadership structure by appointing plaintiff Nathanson as lead plaintiff, appointing the Landskroner Firm as lead counsel and appointing the Amon Firm as liaison counsel.

DATED: February 4, 2008

Respectfully submitted,

LAW OFFICES OF THOMAS G. AMON

*s/* Thomas G. Amon
_____
THOMAS G. AMON (TGA-1515)

250 West 57th Street, Suite 1316
New York, NY 10107
Telephone: (212) 810-2430
Facsimile: (212) 810-2427

LANDSKRONER GRIECO MADDEN, LTD.
JACK LANDSKRONER
1360 West 9th Street, Suite 200
Cleveland, OH 44113
Telephone: (216) 522-9000
Facsimile: (216) 522-9007
jack@lgmlegal.com

- 4 -

                                            Attorneys for Plaintiff Benjamin Nathanson

317713_4.DOC